UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARILYN R. BOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-27-RLY-WGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

**I.   Introduction**

This matter is before the court on the motion of Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), to dismiss the complaint of Plaintiff Marilyn L. Boley ("Boley") for lack of subject matter jurisdiction. For the reasons set forth below, the Commissioner's motion is **GRANTED**.

**II.   Factual and Procedural Background**

Boley applied for disability benefits ("DIB") *pro se* with the Social Security Administration ("SSA") on June 1, 2010. (Amended Complaint Facts ¶ 1). Her application was initially denied on August 25, 2010, and Boley retained counsel on September 21, 2010. (*Id*. ¶ 2). Counsel filed Boley's Request for Reconsideration and documentation of her appointment on October 19, 2010. (*Id*. ¶ 3). The Request for

Reconsideration was denied on December 13, 2010; the denial was mailed to Boley but not her attorney. (*Id*. ¶¶ 5-6; Defendant's Ex. 2).

Boley's counsel inquired of the Vincennes, Indiana SSA office on August 30, 2011, as to why she (counsel) had not received a copy of the denial of Boley's Request for Reconsideration. An SSA supervisor told counsel that there had been a "training error" in which the employee did not enter the information about Boley's counsel and her claim for benefits into the system. (*Id*. ¶ 6). On September 2, 2011, counsel tendered a Request for Hearing ("Request"). (*Id*. ¶ 7). On September 6, 2011, both Boley and her counsel received a letter informing them that Boley's Request was denied because it was not timely filed. (*Id*. ¶ 8). On October 19, 2011, counsel received a letter from an Administrative Law Judge ("ALJ"), requesting that Boley explain why her Request had been untimely filed. (*Id*. ¶ 11). Counsel sent a letter on Boley's behalf due to Boley's hospitalization and "incapacitating illness." (*Id*.). On November 6, 2011, the ALJ requested to hear from Boley personally; per the ALJ's request, Boley sent a letter on November 11, 2011, explaining why her Request was not timely filed. (*Id*. ¶ 12-13). On November 16, 2011, the ALJ issued a notice of dismissal for failing to file the Request within 65 days of the SSA's reconsideration denial. (*Id*. ¶ 14; Defendant's Ex. 4 at 4). The ALJ denied Boley's motion to vacate the dismissal on December 8, 2011 (*id*. ¶ 15; Plaintiff's Ex. C), and the Appeals Council denied Boley's Request for Review on February 7, 2012. (*Id*. ¶ 16; Plaintiff's Ex. D).

Boley filed her complaint on March 8, 2012, alleging violations of SSA regulation 404.911 (20 C.F.R. § 404.911) and due process of law under the United States

Constitution and Social Security Act ("the Act"). (Amended Complaint Statement of Claims ¶¶ 21-22). Defendant moves to dismiss the complaint on the grounds that Boley failed to obtain a final decision of the Commissioner after a hearing, and thus the court lacks subject matter jurisdiction. Congress has explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g), which states:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

## III.  Legal Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises an issue that must be examined by a court at every stage of litigation. *United Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If a court lacks subject matter jurisdiction, it must dismiss the complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). If the movant asserts that despite the complaint's facial sufficiency, subject matter jurisdiction does not exist, "[t]he court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 702 (7th Cir. 2003). The burden of proof is on

the party asserting jurisdiction to prove subject matter jurisdiction exists. *United Phosphorous, Ltd.*, 322 F.3d at 946.

**IV.     Analysis**

Given the Commissioner's claim that this court lacks subject matter jurisdiction, the court must first examine whether there is an outright jurisdictional bar to this court hearing the claim. If there is a jurisdictional bar, the court then evaluates whether Plaintiff has a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).

**A.     Boley has failed to obtain a final decision that would allow her judicial review under 42 U.S.C. § 405(g)**

Section 405(g) is the only means by which a DIB claimant may seek judicial review of the Commissioner's decision, and thus a district court only has subject matter jurisdiction to review a final decision. The Act allows the Commissioner to define "final decision" through its regulations. 42 U.S.C. § 405(l); *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S. Ct. 2457, 45 L. Ed.2d 522 (1975). The regulations provide that the dismissal of a request for hearing is not subject to judicial review. And, the only way to overturn the dismissal of a request for a hearing before an ALJ is either by an ALJ or the Appeals Council vacating the dismissal. (20 C.F.R. §§ 404.959, 416.1459). Since there is no mechanism for judicial review in the regulation, Defendant argues there could be no final Commissioner decision when the ALJ dismissed Boley's request for a hearing, and thus the court lacks jurisdiction to hear Boley's claim.

Boley also fails to cite, and the court cannot find, any case law that suggests the court can otherwise maintain subject matter jurisdiction over her claim. Therefore, the court lacks subject matter jurisdiction and must dismiss Boley's claim pursuant to Rule 12(b)(1) unless it finds the ALJ's denial of Boley's Request violated due process.

### B. Defendant's notice to Boley and consideration of her reasons for failing to timely file satisfied Constitutional due process

Constitutional claims, such as alleged violations of the Fifth Amendment due process clause,[1] are uniquely suited to judicial review. *Sanders*, 430 U.S. at 109; *Shrader v. Harris*, 631 F.2d 297, 300 (4th Cir. 1980). Due process requires that a person faced with government deprivation of a protected property interest, such as DIB, receive notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333-34, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976) (citations omitted). It further requires that "procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard, to insure that they are given a meaningful opportunity to present their case." *Id*. at 349 (internal quotation omitted). The procedures afforded Boley by the Commissioner met this threshold, despite SSA's clerical error.

 In declining Boley's request for a hearing, the ALJ stated that the relevant SSA regulation requires a hearing request to be filed within 65 days[2] of receiving notice of the Denial of Request for Reconsideration. (Defendant's Ex. 4 at 4 (citing 20 CFR §

---

[1] "No person . . . shall be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V.
[2] Receipt is presumed within five (5) days of mailing, so the 60-day deadline (20 CFR § 404.933(b)(1)) for filing a claim is extended to 65 days, absent proof by a claimant that she did not receive the notice of denial within five (5) days. (Defendant's Ex. 4 at 4).

404.933(b)(1))).  The ALJ conceded that the SSA office erred in not communicating the denial to Boley's attorney.  However, Boley failed to timely file a request for a hearing despite receiving notice of the denial.  (Defendant's Ex. 4 at 4-5).  Boley never asserted that she lacked the ability to understand her procedural responsibilities to further pursue her claim—that is, requesting a hearing in front of an ALJ and thus being afforded the opportunity to be heard.

Boley cites *Shrader*, in which the Fourth Circuit reversed the summary dismissal of the plaintiff's DIB claim without hearing, since the plaintiff was "so mentally ill that he [could not] understand the administrative procedure." 631 F.2d at 301.  The Court refused to "attribute to Congress an intent to apply the doctrine of *res judicata* to deprive such a person of a hearing." *Id.* at 302.  Boley asserts her medical condition—she had been diagnosed with breast cancer, was preparing to undergo a double mastectomy, and had other disabling conditions—made her just as unable to respond in 60 days as the *Shrader* claimant.

Boley's comparison is flawed in two respects.  First, unlike the *Shrader* claimant, Boley was capable of understanding the nature of the administrative process; she properly completed the initial filing *pro se*.  (Amended Complaint Facts ¶ 1).  Boley also never asserted that her subsequent neuropsychological issues (Plaintiff's Ex. A at 3) rendered her mentally incompetent, incapable of communicating with her attorney about the denial notice she received, or otherwise prevented her from understanding the administrative process going forward.  Second, she offers no proof that the *Shrader* Court intended to create a broader exception to the final decision requirement, one that would extend

beyond the *Shrader* claimant's severe mental impairment to cover someone in Boley's condition.  Indeed, the *Shrader* Court explicitly limited its opinion to cover only mentally ill claimants.  631 F.2d at 302.

Boley also claims that the regulation allowing an ALJ or the Appeals Council to excuse missing a filing deadline for good cause (20 C.F.R. § 404.911) dictates that her claim be allowed to proceed, and that the ALJ's denial contravened the regulation.[3] (Amended Complaint Statement of Claims ¶ 21).  She asserts that because she, as opposed to her attorney, received the Denial of Reconsideration, SSA's action was a misleading one that must be accounted for in determining whether to excuse a tardy filing.  20 CFR § 404.911(a)(2).  SSA's error is not dispositive; it is merely a factor in the ALJ's consideration as to whether, given the totality of circumstances, good cause existed for failing to make a timely filing.  20 CFR § 404.911(a).

It was not, as Boley argues, SSA's training errors that prevented her from timely filing her request.  The ALJ acknowledged SSA erred in not sending notice to counsel but stated that Boley's "failure to do anything at all after receiving the notice herself does not constitute good cause." (Defendant's Ex. 4 at 4).  This suggests that the ALJ properly considered SSA's error against other considerations and found good cause did not exist, thus satisfying due process.  Finally, Boley's situation does not fit squarely into SSA's examples of good cause.  20 CFR § 404.911(b).  While not an exclusive list, it bolsters

---

[3] The criteria listed in 20 C.F.R. § 404.911 are to be used in determining whether good cause exists for failing to timely file the request.  20 C.F.R. § 404.933(c).

the court's conclusion that the ALJ's decisions to deny Boley's request for hearing and to vacate the denial were well-grounded and did not violate due process.

## V. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Docket # 10) is **GRANTED.** Boley's complaint is hereby **DISMISSED** with prejudice. Judgment consistent with this Entry shall now ensue.

SO ORDERED the 24th day of January 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.